IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Thomas Charles Crangle,                    Case No. 5:13 CV 842

          Petitioner,            MEMORANDUM OPINION
                                           AND ORDER
    -vs-
                                           JUDGE JACK ZOUHARY
Terry Tibbals, Warden,

          Respondent.

**INTRODUCTION**

Pro se Petitioner Thomas Crangle filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Petitioner then requested leave to amend his Petition to add two claims (Doc. 7), which the Magistrate Judge denied (Doc. 13), finding the additional claims futile because they were time-barred. Respondent filed a Motion to Dismiss the Petition as untimely (Doc. 8), and Petitioner filed an Opposition (which he called a "Traverse") (Doc. 15). Petitioner also filed a Motion for Expansion of the Record and/or Evidentiary Hearing (Doc. 14). This case was referred to Magistrate Judge Knepp, whose Report and Recommendation (R&R) recommended Petitioner's Motion to Expand the record be granted in part and denied in part, and that Respondent's Motion to Dismiss be granted (Doc. 17). Petitioner timely objected (Doc. 20).

In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. §§ 636(b)(1)(B) & (C), this Court has reviewed the Magistrate Judge's conclusions de novo. For reasons that follow, this Court adopts the R&R and dismisses the Petition as time-barred.

## BACKGROUND

The R&R accurately sets forth the facts of this case (Doc. 17 at 1–6), and this Court adopts them in their entirety and will not repeat them here except to the extent necessary.

In February 2007, Petitioner pled guilty to rape in exchange for a life sentence with the possibility of parole after ten years (Doc. 8-1, Ex. 6). Under the plea agreement, which Petitioner signed, he acknowledged that the was subject to post-release control, "which could last up to 5 years" (*id.*). However, for some reason, the trial court's journal entry of Petitioner's sentence did not include the post-release control provision (Doc. 8-1, Ex. 7). This omission eventually came to light during later post-conviction proceedings in state court around August 2010 (*see* Doc. 8-1, Exs. 25–26). At that time, Respondent asked the state trial court to issue a nunc pro tunc corrected judgment to reflect the mandatory five-year term of post-release control, which the trial court did on November 19, 2010 (Doc. 8-1, Ex. 28).

Petitioner filed the instant Petition in March 2013 (Doc. 1).

## AEDPA STATUTE OF LIMITATIONS

Because Petitioner is appearing pro se, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by legal counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner has one year in which to file a habeas petition. 28 U.S.C. § 2244(d)(1). The year begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

## ANALYSIS

The R&R concludes Petitioner's state court conviction became final on December 20, 2008, when Petitioner failed to file a notice of appeal with the Ohio Supreme Court within 45 days of the state appellate court decision affirming his conviction (Doc. 17 at 8). Therefore, AEDPA's one-year statute of limitations expired on December 20, 2009, over three years before Petitioner filed the instant Petition in March 2013 (*id.*). The R&R includes a detailed analysis explaining why the November 19, 2010 nunc pro tunc entry did not serve to restart the one-year limitations period under AEDPA (*id.* at 8–12). The R&R also concludes that Petitioner's argument that he is entitled to a new AEDPA start date under 28 U.S.C. §§ 2244(d)(1)(B) or (D) is without merit because there was no state-created impediment and because the factual predicate of his claims were discoverable earlier than August 2010 (Doc. 17 at 12–14). Finally, the R&R finds no basis for equitable tolling (*id.* at 14–16). Petitioner raises six objections (Doc. 20). Petitioner's objections are not well-taken.

**Nunc Pro Tunc Entry**

In his first objection, Petitioner argues that his judgment could not be finalized for AEDPA purposes until the trial court entered its nunc pro tunc entry in November 2010. However, as the Magistrate Judge noted, courts examine the surrounding circumstances to determine whether a sentence modification should be considered equivalent to a resentencing that restarts the running of the clock. This Court finds that the R&R properly analyzed the trial court's nunc pro tunc judgment

entry as one correcting a technical or clerical error. Accordingly, under the case law cited by the R&R, the modification to Petitioner's sentence did not constitute a new judgment of sentence that restarts the statute of limitations under 28 U.S.C. § 2244(d)(1)(A). *See Mackey v. Warden, Lebanon Corr. Inst.*, 525 F. App'x 357, 362 (6th Cir. 2013) (rejecting petitioner's argument that AEDPA statute of limitations ran from date post-release controls were imposed by state court, rather than date he was sentenced). Notably, none of Petitioner's grounds for relief claim that the imposition of post-release controls in November 2010 was contrary to federal law. *See id.* at 362–63. This objection is overruled.

### Factual Predicate under Section 2244(d)(1)(D)

Petitioner's second and third objections relate to the R&R's conclusion that there is no basis for a new start date under 28 U.S.C. § 2244(d)(1)(D)'s provision that allows for time to be measured from the date the factual predicate of the claim could have been discovered through the exercise of due diligence. Petitioner argues his start date for certain grounds should be August 1, 2010 because, he contends, on that date he gained access to the prison library and learned of the Ohio Supreme Court's decision in *State ex. Rel. Carnail v. McCormick*, 126 Ohio St. 3d 124 (2010). However, as the R&R points out, Petitioner knew at the time he signed his plea agreement he was subject to post-release control and, further, had the necessary case law to support his claims in advance of August 2010. These objections are overruled as well.

### State-Created Impediment under Section 2244(d)(1)(B)

Petitioner's fourth objection to the R&R's finding that he is not entitled to an August 1, 2010 start date under 28 U.S.C. § 2244(d)(1)(B) because there was no state-created impediment is also overruled. Petitioner argues he was impeded by trial and appellate counsel's poor performance and

4

advice. However, Petitioner has failed to demonstrate how counsel's failure to ensure the final sentencing judgment entry included the five-year term of post-release control or failure to understand the post-release control prejudiced his ability to pursue his federal grounds for relief. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

### Equitable Tolling

As his fifth objection, Petitioner contends the R&R erred by concluding equitable tolling was not applicable to his case. This Court agrees with the R&R's analysis that Petitioner has failed to meet the stringent requirements of *Holland v. Florida*, 560 U.S. 631, 649 (2010). He has neither demonstrated that he has been pursuing his rights diligently, nor that an extraordinary circumstance prevented a timely filing. To that end, this Court again notes that none of Petitioner's grounds for relief relate to the constitutionality of his post-release control. This Court also notes the absence of the nunc pro tunc entry did not preclude the Ohio court of appeals from hearing and ruling on his direct appeal. *See State v. Crangle*, 2008-Ohio-5703 (Ohio Ct. App. 2008). This objection is also overruled.

### Evidentiary Hearing

Finally, Petitioner objects to the Magistrate Judge's decision not to hold an evidentiary hearing. This Court agrees with the R&R and finds no basis for holding an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2).

### CONCLUSION

Based on the foregoing, the Magistrate Judge's R&R (Doc. 17) recommending Petitioner's case be dismissed with prejudice is hereby adopted. This Court adopts the R&R's recommendation and grants in part and denies in part Petitioner's Motion for Expansion of the Record and/or

Evidentiary Hearing (Doc. 14). Respondent's Motion to Dismiss (Doc. 8) is granted, and Petitioner's Petition (Doc. 1) is dismissed with prejudice on the ground that it is time-barred. Further, this Court finds no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Federal Appellate Rule 22(b).

    IT IS SO ORDERED.

                                                               s/ *Jack Zouhary*
                                                     JACK ZOUHARY
                                                     U.S. DISTRICT JUDGE

                                                     March 31, 2014